

UNITED STATES DISTRICT COURT FOR THE
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**WARREN STEVENS,**        Civil Action No.: 2:24cv248

       Plaintiff

v.

**NORFOLK STATE UNIVERSITY,**

       Defendant.

## COMPLAINT

I, Warren Stevens, brings this Complaint against Norfolk State University for discrimination-based on age and in support thereof states as follows:

## PRELIMINARY STATEMENT

1. I, Plaintiff Warren Stevens, bring this action against Norfolk State University (the "Defendant") for Plaintiff's wrongful termination from employment with Norfolk State based in whole or in part, upon his Age in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.,* and the Civil Rights Act of 1866, as amended, by the Civil Rights Restoration Act of 1991, 42 U.S.C. § 1981 and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 12201 *et seq.*

2. Defendant hired Plaintiff in July 1999 as a campus police officer.

3. I went through the academy from Mover 1, 1999 and graduated February17, 2000.

4. I remained a campus officer until I become a Sergeant in 2020.

5. I worked for the defendant for twenty-three years. My last position/title with the Defendant was Siegen. . During my tenure as ,I received several letters of accomplishment for my work performance .

6. Defendant subjected me to discrimination based on my age, (56) at the time of termination.

7. On or about January 24, 2023, after more than 23 years of service, Defendants summarily fired me Prior to termination, Plaintiff had minimum write-ups regarding disciplinary history.

## JURISDICTION

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the ADEA and pursuant to Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. §§ 2000e, *et seq.*; the Civil Rights Act of 1966, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. § 1981; and 42 U.S.C. § 1981a. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed, and protected by federal law. The Court also has jurisdiction pursuant to 28

U.S.C. §§ 2201 and 2202 regarding declaratory judgment.

9. Venue is proper in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 139(b), where all Defendants regularly conduct business, where all the wrongful conduct occurred, and where Plaintiff was employed when all complained-of-acts herein occurred.

## ADMINISTRATIVE PREREQUISITES

10. On December 4, 2023, Plaintiff timely filed a charge of age discrimination and

national origin with the Equal Employment Opportunity Commission (EEOC). **(See Exhibit A)**

11. On January 16, 2024, the EEOC issued Plaintiff a Notice of Right to Sue. **(See Exhibit B)**

B) This Complaint has been filed within 90 days of receipt of that notice. As such, Plaintiff has complied with all administrative pre-requisites.

## PARTIES

12. Plaintiff, a 57-year-old African American male, was a citizen of the Commonwealth of Virginia and a resident of Norfolk, Virginia at all

times relevant to this Complaint.

13. Plaintiff is an employee, as defined by the ADEA and pursuant to Title VII of the

Civil Rights Act of 1964, as amended; 42 U.S.C. §§ 2000e, *et seq*.

14. Defendant, Norfolk State University, is an employer within the definitions of the

ADEA and Title VII to the 1964 Civil Rights Act. He Defendant employs more than 500 employees and has always done so pertinent to this action.

## STATEMENT OF FACTS

15. Plaintiff began working for Defendant on or about 1999, as a campus police officer. . At the time Defendant hired Plaintiff, he was 32 years old.

16. During his tenure, Plaintiff carried out duties such as patrolling the campus minding the gates, issuing citations and the like. As sergeant, I oversaw employees, assisted with scheduling, maintained records, crated reports, and managed subordinates.

13. During his employment, Plaintiff excelled as an officer and sergeant. he earned annual raises for all periods of his review. He received accomplishments/appreciations, awards, and merit raises. Despite these accomplishments, Plaintiff was terminated because his superior recorded

4

him with his head down in his patrol car alleging that he was asleep. Prior to termination, Plaintiff had not been subject to any recent disciplinary actions. Nor had he received any poor evaluations. Prior to this incident Plaintiff was specifically referred to as "an old head: multiple times by his superior.

14. Despite his excellent work performance, Defendant marginalized Plaintiff while treating younger similarly situated employees more favorably. For example, defendant marginalized Plaintiff in job assignments, marginalized Plaintiff's health issues, and attempted to write Plaintiff up for unsubstantiated miscount. For instance, Plaintiff was verbally accused for not showing up to a homecoming and had to write a statement in response to the accusation. However, Plaintiff was not required to attend homecoming and his leave had already been approved.

15. On several occasions, Plaintiff was removed from meetings in which he was privy to attend. He had difficulty obtaining time off, even when it was for medical or family reasons, such as death. He was often unnecessarily challenge by nis immediate superior who is significantly younger for "not going along" with ideologs or ideas that were not beneficial for the entire

department. His superior often referred to him as "old head" and "old school."

16. Defendant attempted to pin multiple acts of misconduct on Plaintiff, yet they re not recorded in his personal file. In contrast Plaintiff witnessed younger officers were not terminated for acts of misconduct.

17. Specifically, two younger male employees were found sleep on the job, and neither were terminated as result. One male was suspended. The other had been written up for multiple acts of miscount to include sleeping, yet he was not terminated until an off-campus issue arose wherein he was doing security for a local establish in his role as an NSU officer (this is called moonlighting).

18. These males were ay least ten years younger than me, if not more.

19. At the time of termination, it was well documented that Plaintiff was on and out of work for medical reasons. However, Defendant did not further inquire or access how my medical issues contributed to the incident that led up to termination.

20. Plaintiff is aware of a younger officer who was cited for misconduct, once the officer cited medical reasons and provided medical documentation, he was subject to a suspension, but was not

6

terminated.

21. In addition, Defendant attempted to assert that prior to the incident in December 2023, plaintiff had multiple instances of misconduct. However the accusations were not memorialized in the personnel file as write-ups, as such Plaintiff believes that he was terminated for other reasons than the December 2023 incident.

## COUNT ONE
### DISCRIMINATORY TERMINATION BASED ON AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT
### (29 U.S.C. §§ 12201 ET SEQ.)

32. Plaintiff repeats and realleges paragraphs 1 through 20 hereof, as if fully set forth herein.

33. The Age Discrimination in Employment Act (ADEA) prohibits employment discrimination against applicants and employees on the basis of age 29 U.S.C. §§ 621-634).

34. Plaintiff was 57 years old and qualified for his position when Defendant fired him.

35. Defendant regularly made discriminatory comments and jokes to Plaintiff and his co-workers regarding age as noted above.

36. In addition, Defendant marginalized Plaintiff while treating younger employees more favorably. Specifically, by attempting to reprimand

7

Plaintiff for acts of misconduct more harshly than other younger employees for the same or similar acts.

37. Plaintiff was one of the older sergeants at the time of employment and was less than two-years away from retirement at the time of termination.

38. Plaintiff strongly believes that his termination was due to age. Plaintiff gave valid and plausible explanations as to why his head was down when his superior observed for thirty seconds. Though his superior states he observed him for 2.5 minutes, there is no proof of such.

39. His superior states that the reason for termination was because this posture he observed Plaintiff in raised a concern for safety to the campus and to the Plainitff

40. Despite this concern, his superior drove away from Plaintiff, left Plaintiff in the posture he was in , and moved several feet away to record plaintiff.

41. Plaintiff believes that if safety was a prime concern, his superior would have tapped on Plaintiff's window or did some act to gain Plaintiff's attention.

42. Another superior acted in the same manner and Plaiting's superior, when he saw a subordinate in a posture that led the superior to believe that the subordinate was asleep.

43. The other superior was written up because Defendant stated that it was unbecoming of the superior to observe and take footage oof the subordinate instead of getting the subordinate attention. The superior was informed that he contributed to the issue of safety by acting in such a manner. The subordinate was thirty years old or younger, the superior was over the age of forty.

44. In my case, my superior is younger and I am older. My superior was not admonished or reprimanded like the other older superior.

45. Plaintiff suffered damages because of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits and the costs of bringing this action.

46. Defendant's willfully violated Plaintiff's rights under the ADEA and, as a result, is liable for liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Award Plaintiff for his past and future loss of wages and benefits, plus interest;

B. Reinstate Plaintiff to a position comparable to his former position or, in lieu of reinstatement, award him front pay (including benefits);

C. Award to Plaintiff liquidated damages incurred in connection with this action.

D. Award to Plaintiff all costs and reasonable fees incurred in connection with this action; and

E. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Respectfully Submitted

*Warren R. Stevens*     04-15-2024

Warren Stevens
223 Hardy Avenue
Norfolk, VA 23523
Pro se

(757) 543-1763 hm
(757) 679-8539 cell

10